## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

ROBERT DAVIS JR.,

      Plaintiff,

    v.

BRIDGECREST ACCEPTANCE
CORPORATION,

      Defendant.

Case No. 4:21-cv-0554-NKL

## ORDER

    Defendant Bridgecrest Acceptance Corporation moves to dismiss *pro se* plaintiff Robert Davis' complaint. Doc. 17. Davis subsequently filed a motion to amend his complaint. Doc. 30. For the reasons stated below, the motion to amend is denied, and the motion to dismiss is granted with prejudice.

## I   BACKGROUND

    On June 11, 2021, Davis purchased a 2017 Dodge Charger from the Drivetime Car Sales Company. Doc. 4-3 (Retail Installment Contract). He made a down payment, and Drivetime lent him the remaining balance. Doc. 4-3, at 8. Davis agreed to make monthly payments to repay the loan. *Id.* As part of the contract, Drivetime assigned their "right, title and interest" in the contract to Bridgecrest. Doc 4-3, at 11. Davis rescinded the contract on the same day he signed it. Doc. 4-5 (Recission Notice). He claimed 15 U.S.C. § 1635(a) gave him the right to rescind the contract, recover his down payment, and retain the car lien-free. *Id.* Davis did not return the car. The car was eventually repossessed by Bridgecrest.

    In the original complaint, Davis brings the following six counts under the Fair Debt

Collection Practices Act ("FDCPA"): "Communication" under 15 U.S.C. § 1692c; "Harassment or Abuse" under 15 U.S.C. § 1692d; "False or Misleading Representations" under 15 U.S.C. § 1692e; "Unfair Practices" under 15 U.S.C. § 1692f; "Multiple Debts" under 15 U.S.C. § 1692h; and "Furnishing certain deceptive forms" under 15 U.S.C. § 1692j. He also brings two counts under the Truth in Lending Act ("TILA"), for "Rights of Recission" under 15 U.S.C. § 1635 and "Advertising of down payments and installments" under 15 U.S.C. § 1662. Davis does not explain how the eight counts relate to his factual allegations. He alleges only the statute each count arises under.

After Bridgecrest filed its motion to dismiss, Davis sought leave to amend his complaint. Doc. 30.[1] The amended complaint provides a series of legal definitions without context. It also adds a "private living trust" titled "Musiqaa Rayiys Bey PLT" as a party. Attachments to the amended complaint show Davis created the Trust. Doc. 30-13. Davis alleges his Trust has a certificate of title on the Dodge Charger. The amended complaint does not replead the eight counts listed above. Rather, it alleges that Davis' Trust has an "estoppel claim" and a commercial lien on Bridgecrest, and that Bridgecrest caused property damage and emotional distress through the illegal repossession of the Dodge Charger.

## II  LEGAL STANDARDS

### A)  Motion for Leave to Amend Complaint

Leave to amend should be given freely when justice requires. Fed. R. Civ. Proc. 15(a)(2). However, leave should be denied when there are compelling reasons "such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed,

---

[1] Davis made two previous attempts to amend his complaint, but the Court denied the attempts because Davis did not follow the local rules. *See* Doc. 27; Doc. 29.

undue prejudice to the non-moving party, or futility of the amendment." *Hammer v. City of Osage Beach, Mo.*, 318 F.3d 832, 844 (8th Cir. 2003) (citation omitted). Leave to amend is futile when the amended complaint would not withstand scrutiny under Federal Rule of Civil Procedure 12(b)(6). *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 781-82 (8th Cir. 2008) (citing *In re Senior Cottages of Am.*, 482 F.3d 997, 1001 (8th Cir.2007)).

### B) Motion to Dismiss

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss under FRCP 12(b)(6), a plaintiff is only required to plead "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). A complaint therefore does not need detailed factual allegations but must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint is plausible if its "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

When deciding a motion to dismiss, the Court accepts the factual allegations contained in the complaint as true and liberally construes the allegations in favor of the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021). When analyzing a motion to dismiss, the Court may consider documents attached to the complaint. *Owen v. Gen. Motors Corp.*, 533 F.3d 913, 918

(8th Cir. 2008) (citation omitted). *Pro se* complaints are to be construed liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## III DISCUSSION

### A) Whether Davis Should Be Granted Leave to Amend the Complaint

Davis alleges that his Trust has an "Estoppel claim" which he defines as a "[a] bar that prevents one from asserting a claim or right that contradicts what one has said or done before, or what has been legally established as true. Estoppel may be used as a bar to the relitigation of issues or as an affirmative defense."

Even if a party could raise estoppel as a cause of action, rather than a defense, Davis' claim is insufficiently supported. He does not allege what prior judgment or previous actions bind Bridgecrest, or what Bridgecrest is estopped from doing. Even Davis' multiple attachments to the proposed amended complaint do not salvage his claim. The only attachment that could be applicable is titled the "Abstract of Administrative Judgment." Doc. 30-2. However, the judgment does not come from a court but rather is affixed with Davis' Trust's seal. The purported basis of the "judgment" is that Bridgecrest did not respond to documents that Davis or his Trust sent. *Id.* However, an individual or a trust cannot create a legally enforceable judgment by sending documents to another party and purporting to hold them in default when they do not respond. Nor is Bridgecrest's lack of response an inconsistent action which prevents Bridgecrest from defending the current lawsuit. As a result, Davis has failed to state a factual basis for his estoppel "claim." *Ashcroft*, 556 U.S. at 678 (holding a complaint must support its legal claims with factual support to be plausible).

The amended complaint also alleges that the repossession of the vehicle caused property

4

damage, emotional damage, and was illegal. The amended complaint does not explain what claims are being brought because of the repossession, but giving the *pro se* complaint a liberal construction, the Court will infer that Davis is bringing a tort claim. Insofar as Davis is alleging breach of peace in connection with the repossession, Davis has provided no factual allegations suggesting breach of peace or even the nature of any damages he purportedly sustained. Insofar as Davis alleges wrongful repossession, which, "under Missouri law . . . is characterized as a claim for conversion," *Wolfe Auto. Grp., LLC v. Universal Underwriters Ins. Co.*, 808 F.3d 729, 733 (8th Cir. 2015) (citing *Scott v. Twin City State Bank*, 537 S.W.2d 641, 624 (Mo. Ct. App. 1976)), there is no suggestion in the facts that the creditor did not have the right to take repossession. *See, e.g., Jones v. First Union Bancorporation*, 646 S.W.2d 412, 414 (Mo. Ct. App. 1983) ("In order for plaintiff to have a right of action for conversion, it was incumbent upon her to show that Union Finance had no right to repossess the automobile."). The allegation that the repossession was illegal is a bare legal conclusion, unsupported by any allegations of fact. As a result, the claim relating to repossession would not survive a motion to dismiss. *Ashcroft*, 556 U.S. at 678.

Lastly, the amended complaint states the Trust has a commercial lien on Bridgecrest, and Davis attached to the amended complaint a document that claims the Trust has a lien on the "business and financial accounts of" Bridgecrest "in the Amount of $82,046." *See* Doc. 30-7, at 3. However, Davis has failed to show such a claim is plausible because there are no factual allegations as to the basis for a lien. *See Commonwealth Land Title Ins. Co. v. Miceli*, 480 S.W.3d 354, 367 (Mo. Ct. App. 2015) ("The elements required to establish an equitable lien are: (1) a duty or an obligation owing by one person to another; (2) a res to which that obligation fastens, which can be identified or described with reasonable certainty; and (3) an intent, express or implied, that the property serve as security for the payment of the debt or obligation." (quotation marks and

citation omitted).  Thus, that claim would also require dismissal upon a Rule 12(b)(6) motion.

### B) Whether the Original Complaint Should Be Dismissed

Since the Court is denying Davis Jr's motion for leave to file an amended complaint, the

Court must now determine whether the original complaint should be dismissed.

#### 1)  Whether the FDCPA Counts Should Be Dismissed

Bridgecrest argues that Davis' FDCPA counts must be dismissed because Bridgecrest is a

"creditor" not a "debt collector" as defined by the FDCPA.  The FDCPA excludes an entity from

being a "debt collector" if the entity is "collecting or attempting to collect . . . a debt which was

not in default at the time it was obtained by such person."  15 U.S.C. § 1692a(6)(iii).  The loan

agreement shows that the debt was not in default when it was assigned to Bridgecrest.  Doc. 4-3,

at 11 (showing the debt was assigned when the loan was created and was not in default at that

time).  Thus, Bridgecrest would normally not be considered a debt collector under the FDCPA.

However, the FDCPA provides an exception to § 1692a(6)(F)(iii) when, "in the process of

collecting his own debts, [a creditor,] uses any name other than his own which would indicate that

a third person is collecting or attempting to collect such debts."  15 U.S.C. § 1692a(6).  Here,

however, there is no factual allegation suggesting that this exception applies.[2]

---

[2] In count 6, Davis alleges that Bridgecrest violated 15 U.S.C. § 1692j.  That statute makes it illegal
to:

> design, compile, and furnish any form knowing that such form would be used to
> create the false belief in a consumer that a person other than the creditor of such
> consumer is participating in the collection of or in an attempt to collect a debt such
> consumer allegedly owes such creditor, when in fact such person is not so
> participating.

However, this is merely a legal conclusion, without any factual allegations to support it.

The only documented debt collection efforts were taken by Bridgecrest in its own name. Doc. 4-9 (Notice of Right to Cure). Since Davis has failed to allege facts showing that Bridgecrest acted a "debt collector" under the statute, Counts 1-5, which apply only to debt collectors, must be dismissed. *See* 15 U.S.C. § 1692c (only proscribing debt collector's conduct); 15 U.S.C. § 1692d (same); 15 U.S.C. § 1692e (same); 15 U.S.C. § 1692f (same); 15 U.S.C. § 1692h (same).[3]

As discussed above, Count 6, which alleges that Bridgecrest violated 15 U.S.C. § 1692j, lacks any factual allegations that support it; consequently, it too must be dismissed. *Ashcroft*, 556 U.S. at 678.

### 2) Whether the TILA Counts Should Be Dismissed

Bridgecrest argues that Davis' TILA counts must be dismissed because Davis' loan was for a car. 15 U.S.C. § 1635—the basis for count 7—requires that the underlying loan create a security interest in the "principal dwelling of the person to whom credit is extended." The exhibits attached to the complaint show that the underlying loan created a security interest in Davis Jr's vehicle, not his primary residence. Doc. 4-3, at 8 (stating the loan created a security interest in Davis' vehicle). Count 7 therefore must be dismissed. *Hardaway v. Toyota Fin. Servs.*, No. 4:21-CV-194-KPJ, 2022 WL 317758, at *3 (E.D. Tex. Feb. 2, 2022) (dismissing a claim under 15 U.S.C. § 1635(a) because the loan was for a vehicle); *Jeffries v. Wells Fargo Bank, NA*, No. 10-CV-5889, 2011 WL 5023396, at *4 (N.D. Ill. Oct. 19, 2011) ("Jeffries is not entitled to rescind the contract under 15 U.S.C. § 1635 because the contract was secured by the vehicle rather than real property that Jeffries used as her principal dwelling." (citation omitted)).

Bridgecrest argues that count 8 must also be dismissed because the loan was for a car.

---

[3] Since count 6 was insufficiently supported, the Court need not determine if an entity must be a debt collector for the statute to apply.

Count 8 alleges Bridgecrest violated 15 U.S.C. § 1662.  15 U.S.C. § 1662 states:

> No advertisement to aid, promote, or assist directly or indirectly any extension of consumer credit may state
>
> (1) that a specific periodic consumer credit amount or installment amount can be arranged, unless the creditor usually and customarily arranges creditpayments or installments for that period and in that amount.
>
> (2) that a specified downpayment is required in connection with any extension of consumer credit, unless the creditor usually and customarily arranges downpayments in that amount.

Nothing in this statute suggests that it does not apply to vehicles.  Therefore, Bridgecrest is not entitled to dismissal on that ground. Nonetheless, Count 8 requires dismissal, as Davis provided no factual allegations regarding Bridgecrest's advertisements.  *Ashcroft*, 556 U.S. at 678.

## C)  Should Davis' Complaint Be Dismissed With Prejudice

Bridgecrest argues that the complaint should be dismissed with prejudice.  Dismissing the complaint with prejudice would preclude Davis from filing an additional amended complaint.  As stated above, a party should not be denied leave to file an amended complaint absent compelling reasons such as bad faith, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party.  *Hammer v. City of Osage Beach, Mo.*, 318 F.3d 832, 844 (8th Cir. 2003) (citation omitted).

Dismissal with prejudice is warranted in this case because allowing Davis to file another complaint would likely cause Bridgecrest undue prejudice by forcing them to defend against another complaint that has no basis in law or fact.  Davis' filing history shows that the amended complaint would likely have no basis in law or fact.  As stated above, Davis' original complaint was based on the fantastical claim that he could rescind a car loan, keep the car debt free, and somehow be entitled to damages.  The claims in the amended complaint either have no factual support or are based on the legal premise that Davis is entitled to a binding judgment because he

sent documents that Bridgecrest did not respond to. Furthermore, after filing the motion to amend Davis filed a motion for declaratory judgment with yet another unsupported theory for why he is entitled to a judgment—Bridgecrest had tricked Plaintiff and forged the underlying documents. Doc. 38. In that motion he claims the current lawsuit, which he initiated, is an attempt by lawyers to commit a larceny against him. He then filed yet another complaint tilted "Complaint in Equity Presentment to Void Proceedings and Jurisdiction." Doc. 39. This complaint states the Court should act in equity to enjoin respondent and be the beneficiary of a trust for Davis. Davis defines what a trust is and when it can apply to minors but provides no coherent explanation for why the Court should take the extraordinary step of becoming his fiduciary. In support of this Complaint, Davis submitted an IRS filing in which he named the Undersigned as his fiduciary. Doc 38-2.

Furthermore, Davis has a long history of filing unmeritorious FDCPA and TILA claims in this district. *See* Order on Motion to Dismiss, *Robert L. Davis, Jr. v. Debt Co. Collections*, No. 4:21-cv-0256-DGK, ECF No. 16 (W.D. Mo. Sept. 15, 2021); Order on Application to Proceed In Forma Pauperis*, Robert L. Davis, Jr. v. LexisNexis*, No. 21-CV-407-BP, ECF No. 3 (W.D. Mo. June 24, 2021); Order on Application to Proceed In Forma Pauperis, *Robert L. Davis, Jr. v. JP Morgan Chase Bank*, No. 21-cv-394-BP, ECF No. 2 (W.D. Mo. June 8, 2021); Order on Application to Proceed In Forma Pauperis, *Robert L. Davis, Jr. v. United States of America, et al.,* No. 4:21-cv-00038-BP, ECF No. 3 (W.D. Mo. Jan. 25, 2021).

The Court will not force Bridgecrest to defend against another frivolous filing, and Davis' claims are dismissed with prejudice.

**IV CONCLUSION**

For the reasons stated above, Davis' motion to amend, Doc. 30, is denied. Bridgecrest's motion to dismiss, Doc. 17, is granted with prejudice.

/s/ Nanette K. Laughrey
                                        NANETTE K. LAUGHREY
                                        United States District Judge

Dated:  April 11, 2022
Jefferson City, Missouri